**FILED**

**ORIGINAL**

FEB 2 7 2017

U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 16-1708C (Pro Se)

(Filed: February 27, 2017 | Not for Publication)

| | |
|---|---|
| ASHTON KRUKOWSKI, | ) Keywords: Pro Se Complaint; Subject |
| | ) Matter Jurisdiction; Tucker Act; 28 |
| | ) U.S.C. § 1491; Habeas Corpus; 28 U.S.C. |
| Plaintiff, | ) § 2241; 28 U.S.C. § 2254; Rehabilitation |
| | ) Act; Prison Litigation Reform Act. |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*Ashton Krukowski*, Las Vegas, NV, Plaintiff Pro Se.

*Russell J. Upton*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for Defendant, with whom were *Patricia M. McCarthy*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

On December 27, 2016, Mr. Krukowski, the pro se plaintiff, filed four handwritten notices which the Clerk of Court construed together as a complaint. The notices relate to a writ of habeas corpus and other, currently pending lawsuits in state and federal court. On February 6, 2017, the government filed a motion to dismiss, arguing that the Court lacks subject matter jurisdiction over the complaint, and alternatively, that Mr. Krukowski has failed to state a claim upon which relief can be granted. For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction over the complaint. Accordingly, the government's motion to dismiss is **GRANTED** and the complaint is **DISMISSED** without prejudice.

## BACKGROUND

Prior to filing the notices referred to above, Mr. Krukowski filed a separate complaint in this court on August 15, 2016, asserting, inter alia, that state authorities in Nevada had falsely arrested him and violated his constitutional rights. See Krukowski v. United States, 129 Fed. Cl. 440, 442 (2016).[1] That case was assigned to Judge Wheeler, and on December 2, 2016, Judge Wheeler dismissed the complaint for lack of subject matter jurisdiction. See id. at 443–44. Mr.

---

[1] As of December 2016, Mr. Krukowski was incarcerated in Clark County Detention Center in Nevada. See Krukowski, 129 Fed. Cl. at 442; see also Compl. at 1, Docket No. 1.

Krukowski then filed a notice of appeal in the Court of Appeals for the Federal Circuit, on January 5, 2017. Notice of Appeal, Krukowski v. United States, No. 16-1010 (Fed. Cl. 2017), Docket No. 17. That appeal is currently pending. See id.

On December 27, 2016, Mr. Krukowski filed the documents at issue here, four separate, one-page handwritten notices, which collectively the Clerk deemed a new complaint. See Compl. They are each dated December 4, 2016. See id. The first notice is entitled "Notice of Petition for Writ of Habeas Corpus [P]ursuant [to] 28 U.S.C. § 2241 with [A]dditional [I]nvoked [S]tatutes." Id. at 1. The caption reads "Ashton Krukowski vs. United States et. al." and includes on the right-hand side "U.S. District Court of Nevada case # 2:16-CV-02445-APG-VCF" and "8th District of Nevada Case # C-16-312854-1 Dept. # 8." Id. In the body of this document, Mr. Krukowski wrote only that he was "giv[ing] notice of Petition for Writ of Habeas Corpus pursuant [to] 28 U.S.C. § 2241 with additional invoked statutes listed in the Petition, case # 2:16-CV-02445-APG-VCF in U.S. District Court of Nevada." Id.

In the second notice, entitled "Notice of Additional Parties to Civil Action," Mr. Krukowski simply listed the state of Nevada, the Supreme Court of Nevada, the "U.S. District of Nevada," the United States Court of Appeals for the Ninth Circuit, the United States Court of Federal Claims, and the United States. Id. at 2. The caption is identical to the caption on the first notice, except that the case number for the Nevada state court case is absent. See id.

The third notice is entitled "Notice of Motion to Remove Civil Action to U.S. Court of Federal Claims pursuant [to] 28 U.S.C. § 2254 and under the Rehabilitation Act and Prison Litigation Reform Act." Id. at 3. The caption is identical to the first notice. See id. In this third document, Mr. Krukowski "give[s] notice of [his] motion to remove [his] civil action to [the] U.S. Court of Federal Claims pursuant to 28 U.S.C. § 2254 and under the Rehabilitation Act and Prison Litigation Reform Act." Id. He also appeared to describe the underlying civil action for which he seeks removal as a "[c]ivil action pursuant [to] 28 U.S.C. § 2241 with additional invoked statutes listed in the Petition for Writ of Habeas Corpus in U.S. District Court of Nevada case # 2:16-CV-02445-APG-VCF." Id. Mr. Krukowski noted that "[a]dditional parties [are] listed in the Notice of additional Parties Document enclosed." Id.

Finally, the fourth notice states that it is an "Objection to the Petition for Rehearing case # 71117 and 71118 in Supreme Court of Nevada." Id. at 4. In this document, Mr. Krukowski only stated that he objects to the purported rehearing on the "grounds of a civil action filed in process against the parties before the Petition." Id.

## DISCUSSION

In determining whether the Court has subject matter jurisdiction, it accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, if a movant disputes the basis of the Court's jurisdiction, the allegations in the complaint are not controlling and the Court may review evidence extrinsic to the pleadings. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993).

It is well-established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, a plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Therefore, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (stating that a "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

The government's primary argument here is that Mr. Krukowski's complaint must be dismissed pursuant to 28 U.S.C. § 1500 because "his underlying claims were pending in other courts at the time Mr. Krukowski filed his Notices." Def.'s Mot. for Summ. Dismissal of Pro Se Matter at 8, Docket No. 5. That statute reads, in pertinent part, that the "United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States." 28 U.S.C. § 1500.

To an extent, these notices do relate to Mr. Krukowski's other pending legal actions. For example, he lists district court and state court case numbers in the caption of each notice, and he also seeks removal of the federal district court case to this court. See Compl. at 3. It is difficult, however, to view these documents as attempting to institute new proceedings in this court based upon the same underlying claims pending in those other courts. In fact, it is quite possible that Mr. Krukowski did not intend these documents to institute any new proceeding in this court. The notices are dated December 4, 2016, only two days after Judge Wheeler dismissed Mr. Krukowski's first complaint. See id. at 1. Considering that Mr. Krukowski's notices took approximately twenty-three days to make their way to this court from the correctional center, see id., it is likely that he had not yet received notice of Judge Wheeler's dismissal when he mailed the notices at issue here. Thus it may be that Mr. Krukowski was attempting to submit the notices to the court in his then-pending case for which he had already submitted a complaint.

But in any event, to the extent these notices can be construed as a new complaint, the Court cannot determine whether they assert any claims "for or in respect to which" Mr.

3

Krukowski "has pending in any other court any suit or process against the United States," because they are entirely devoid of any legal claims or factual allegations. For that reason, the Court must dismiss Mr. Krukowski's complaint for lack of subject matter jurisdiction.

The documents Mr. Krukowski filed do not assert any entitlement to money damages from the United States based upon a source of substantive law. In other words, he fails to plead the existence of any basis for Tucker Act jurisdiction. In fact, the documents make no claim for any type of damages whatsoever. Rather, Mr. Krukowski's first notice seeks a writ of habeas corpus, citing 28 U.S.C. § 2241. Compl. at 1. That statute addresses the power of specific courts to issue a writ of habeas corpus; the Court of Federal Claims is not among the courts listed as having that power. 28 U.S.C. § 2241(a). In fact, the Court is not empowered to grant a writ of habeas corpus and a petition for the same is outside the Court's subject matter jurisdiction. Ledford v. United States, 297 F.3d 1378, 1380–81 (Fed. Cir. 2002); see also Emerson v. United States, 123 Fed. Cl. 126, 129 (2015).

With respect to the second notice, it makes no allegations or assertions, but simply lists "additional parties" to Mr. Krukowski's suit. See Compl. at 2. To the extent it attempts to apply any of Mr. Krukowski's allegations to the state of Nevada, the Supreme Court of Nevada, the "U.S. District of Nevada," the Court of Appeals for the Ninth Circuit, and this court, those claims must be dismissed, as the Court has no jurisdiction over claims against any defendant other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Jiron v. United States, 118 Fed. Cl. 190, 198–99 (2014) ("It is well settled that the United States is the only proper defendant in the United States Court of Federal Claims." (quotation omitted)).

Mr. Krukowski's third notice seeks removal of his pending civil action in district court to this court, based upon three grounds: 1) 28 U.S.C. § 2254; 2) the Rehabilitation Act; and 3) the Prison Litigation Reform Act. Compl. at 3. None of these statutes is a substantive source of law giving rise to a right to money damages from the United States, and none provides grounds for transferring Mr. Krukowski's existing civil action to this court.

The first statute, 28 U.S.C. § 2254, is another habeas corpus statute, addressing petitions by those persons held on the basis of a judgment issued by a state court which that person asserts is in violation of the Constitution, federal law, or a treaty. Again, the Court of Federal Claims is not listed among the courts having the power to grant the writ. 28 U.S.C. § 2254(a). Moreover, the statute does not provide any basis for transferring a pending civil action to this court. See id. And, as noted above, a writ of habeas corpus is outside the Court's jurisdiction. Ledford, 297 F.3d at 1380–81.

The Rehabilitation Act is a law that was originally enacted in 1973, and it addresses vocational rehabilitation and employment of those with disabilities. See Rehabilitation Act of 1973, Pub. L. 93-112, 87 Stat. 355. It has subsequently been amended and is codified at 29 U.S.C. §§ 701 et seq., but it does not contain any provision regarding the transfer of a civil case to the Court of Federal Claims. See 29 U.S.C. §§ 701 et seq. Further, the Court "does not have jurisdiction to review claims brought under the Rehabilitation Act of 1973." Sageman v. United States, 82 Fed. Cl. 367, 371 (2008).

The final statute cited by Mr. Krukowski, the Prison Litigation Reform Act, amended a number of statutory provisions regarding federal litigation by prisoners. See Prison Litigation Reform Act of 1995, Pub. L. 104-134, §§ 801–10, 110 Stat. 1321. It did not provide a right to money damages for purposes of Tucker Act jurisdiction, nor did it provide for the transfer of a civil action to this court.[2] See id.

Finally, Mr. Krukowski's last notice also fails to provide any basis for jurisdiction in this court. It only addresses petitions apparently pending before the Supreme Court of Nevada and does not make any allegations against the United States.

In short, it is difficult to construe Mr. Krukowski's notices as forming a new complaint in this court. To the extent they can be so construed, the "complaint" fails to make any allegations of a right to money damages from the United States based on a separate source of substantive law. Rather, the notices relate to other pending court actions, seek removal to this court, and seek a writ of habeas corpus, without pleading a basis for jurisdiction in this court. Because Mr. Krukowski fails to allege the existence of any basis for Tucker Act jurisdiction, the Court must dismiss his complaint. Accordingly, the government's motion to dismiss is **GRANTED** and the complaint is **DISMISSED** without prejudice.

## CONCLUSION

For the reasons set forth above, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and Mr. Krukowski's complaint is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED**.

ELAINE D. KAPLAN
Judge

---

[2] The Act did, however, amend the in forma pauperis statute, 28 U.S.C. § 1915, which imposes specific requirements on prisoners attempting to institute litigation without paying fees. Here, Mr. Krukowski has neither filed an application to proceed in forma pauperis nor has he paid the filing fee. See Docket. This in and of itself provides a sufficient basis to dismiss his complaint. See Brown v. United States, 88 Fed. Cl. 795, 798 (2009); see also 28 U.S.C. § 1926; Rule 77.1(c) of the Rules of the Court of Federal Claims.